## POLLARD *v.* NOYES.

The assignee in bankruptcy of a right in equity to redeem homestead premises from a mortgage, executed by the debtor and his wife, releasing homestead rights, holds the premises subject to the wife's homestead rights as well as to the mortgage, and if the grantee of such assignee pays or takes an assignment of the mortgage, the wife is entitled to a homestead without contribution, she having first redeemed.

PETITION for a homestead. The assignee in bankruptcy of the plaintiff's husband sold to the defendant the right in equity to redeem the homestead premises from a mortgage signed by the bankrupt and his wife, and releasing homestead rights. Subsequently the defendant bought the mortgage, obtained judgment upon it, and took the premises upon a writ of possession. The defendant claims contribution from the plaintiff in the payment of the mortgage as a condition of her title to a homestead.

*Stickney,* for the plaintiff.

*Wiggin & Fernald,* for the defendant.

ALLEN, J. The homestead right exists in favor of the wife in any interest of the debtor in his homestead real estate (G. L., c. 138, s. 1), and the right in equity to redeem the homestead from a mortgage signed by the wife is such an interest. *Norris* v. *Moulton,* 34 N. H. 392; *Fellows* v. *Dow,* 58 N. H. 21. The assignment by the husband in bankruptcy did not affect the wife's right. Rev. St. U. S., s. 5045. The statute gives the right against the "creditors, grantees, and heirs" of the husband, and makes it paramount to every other right except that given by the wife's deed. The plaintiff had her right, subject to the mortgage only. The defendant had his right to redeem, subject to the mortgage and homestead right. A sale of the equity by the husband would not have transferred the plaintiff's homestead right in that equity. Its assignment in bankruptcy was an assignment of the husband's right only, and carried no more than the husband could have transferred by a sale. Neither the assignee in bankruptcy, nor his grantee, the defendant, took the wife's homestead right. It existed in the equity of redemption at the time of the husband's bankruptcy, and was left untouched by the assignment and sale to the defendant. If the equity of redemption had not exceeded in value the sum of five hundred dollars, the value of the homestead right, it could not have been sold on execution, nor would the defendant have taken anything by his deed. *Tucker* v. *Kenniston,* 47 N. H. 267. As against the defendant's equity, the plaintiff had the prior

right and the superior equity.   She might redeem from the mortgage, and equity would uphold it to protect her homestead interest.   The defendant might redeem by repaying the plaintiff the amount she had paid, thereby liberating the homestead from the incumbrance, and securing to himself the remainder of the estate. The defendant, by virtue of his right, having redeemed or taken an assignment of the mortgage, and his right being subject to the plaintiff's homestead right, she may redeem from him, and equity will uphold the mortgage in her hands to protect her intervening homestead estate.   The plaintiff has what the law gave her, a homestead of the value of five hundred dollars in the equity of redemption.   The defendant has precisely what he purchased, namely, that part of the equity of redemption in excess of the homestead right.   After she has redeemed the mortgage, if he would enjoy the benefit of his right he must pay her what she has paid him to redeem the mortgage, and he will then hold the whole estate excepting the homestead.

The general rule that enforces contribution when the estates of two persons are subject to the same mortgage, which one of them pays for the benefit of both, does not apply when the equities are not equal.   The mortgagor, who conveys a portion of the incumbered premises, and afterwards redeems the mortgage, cannot claim contribution from the purchaser, for he was primarily under obligation to pay the mortgage.   Nor can a subsequent purchaser call on a prior one for contribution, for he has only the rights of the mortgagor.   *Kilborn* v. *Robbins*, 8 Allen 466.   The assignee of the plaintiff's husband, and his grantee, the defendant, took the right in equity to redeem, subject to the plaintiff's homestead right. The equities of the plaintiff and defendant were not equal.   Her right was superior to the defendant's, and he having satisfied the mortgage, she was entitled, after redeeming the mortgage from him, to a homestead without contribution.

It is unquestionably settled, that a widow claiming dower in an equity of redemption must in equity contribute her ratable proportion of the amount paid by an heir, or holder of the equity to redeem a mortgage in which dower has been released, before she can be let in to her dower right.   *Swaine* v. *Perine*, 5 Johns. Ch. 482; *Gibson* v. *Crehore*, 5 Pick. 146; *Cass* v. *Martin*, 6 N. H. 25; *Rossiter* v. *Cossit*, 15 N. H. 38; *Hastings & ux.* v. *Stevens*, 29 N. H. 564; *Woods* v. *Wallace*, 30 N. H. 384; *Norris* v. *Morrison*, 45 N. H. 490.   Exceptions to the rule and giving the widow her dower without contribution are, where the estate is redeemed by the administrator with assets of the estate, or a bond is given by the heirs or creditors to pay the debts, or where the holder of the equity redeeming is primarily liable to pay the whole mortgage debt.   *Hitchcock* v. *Harrington*, 6 John. 290; *Bolton* v. *Ballard*, 13 Mass. 227; *Barker* v. *Parker*, 17 Mass. 564; *Hildreth* v. *Jones*, 13 Mass. 525; *Robinson* v. *Leavitt*, 7 N. H. 73; *Bullard* v. *Bowers*,

10 N. H. 500, 502; *Norris* v. *Morrison*, 45 N. H. 490, 498. The rule requiring contribution is made to depend upon the equality of the equities of the parties; and when the equities are not equal, no contribution is required.

In *Norris* v. *Morrison*, it was said that on the questions of redeeming from a mortgage and of contribution, the assignment of the homestead right should be governed by the same principles which govern the assignment of dower. In that case the homestead and dower rights were coupled together as one interest; and it appears to have been taken for granted by the plaintiff's counsel, that if the circumstances required contribution in the case of dower, they also did in the same way in the case of homestead. The distinction between the two was not discussed.

The rights of the owner of a homestead and of the holder of the equity of redemption are not equal, nor upon the same footing in equity. In the assignment of dower, when the rule requiring contribution applies, the equities of the dowress and of the holder of the equity of redemption are equal. However small the equity of redemption may be in value, the dowress can take only one third, and the holder of the right to redeem always takes two thirds, and neither can shut out the other. The two rights exist together in time, one presumes the other, and their relative value is always the same. In the case of a homestead, the right is paramount to all claims except that of the mortgagee and his assignees. It is, as against other creditors and assignees of the mortgagor, an absolute right to a homestead of the full value of five hundred dollars before any right of theirs can attach. Their rights in any estate in which a homestead exists are postponed to the homestead right, and are entirely excluded by it, when the estate does not exceed in value the sum of five hundred dollars. *Tucker* v. *Kenniston*, 47 N. H. 267. The homestead right is superior in equity to the right of one holding under the mortgagor or his assignee in bankruptcy. *Fellows* v. *Dow*, 58 N. H. 21. The plaintiff having the superior equity is entitled, on redeeming the mortgage, to hold the whole estate until the defendant shall repay her the amount of the mortgage, when she will be entitled to have a homestead assigned without contribution.

*Case discharged.*

CLARK, J., did not sit: the others concurred.