MASON AND ALS V. TUTTLE AND ALS.

December 9, 1880.

1. In proceedings under the act of Congress for the confiscation of the property of rebels in the late war, the district court of the United States being a court of limited jurisdiction, the record of the case must show that the court had jurisdiction. And it not appearing that there had been an order of seizure of the property, or a return of seizure by the officer, all the decrees of the court in the case are nullities.

2. At the sale under the decree of confiscation, T becomes the purchaser, and there is a conveyance of the property by the marshal to T. Afterward T obtains from M, the original owner of the land, a conveyance by which he releases to T all his interest of every kind in the land, and covenanted against the claims of all persons claiming under him. HELD : This conveyance is valid to convey the fee in the land, and the heirs of M, after his death, can not recover it.

This was an action of ejectment in the circuit court of Fairfax county, brought by Fanny T. Mason and others, heirs of Murray Mason, deceased, against Adelaide Tuttle and others, to recover a tract of land in said county which had been sold under confiscation proceedings against Murray Mason during the late war, and bought by Adelaide Tuttle, to whom it was conveyed by the marshal of the district court of the United States. On the trial a jury was named, and the case submitted to the court, and there was a judgment in favor of the defendant. And thereupon the plaintiff applied to this court for a writ of error; which was awarded. The facts are stated in the opinion of Judge *Anderson.*

*Johns & Blomberg* and *Wattle & Mushback,* for the appellants.

*S. F. Beach,* for the appellee.

ANDERSON, J., delivered the opinion of the court.

The land in controversy, of which Murray Mason, the ancestor of plaintiffs, was owner, was sold under a decree of confiscation of the United States district court for Virginia, at which sale Adelaide M. Tuttle became the purchaser, at the price of $750, which she paid; and a deed of conveyance was made to her by the marshal of said court. It was afterwards sold, in the execution of a judgment upon an attachment, at the suit of Botsford Camp, by the sheriff of Fairfax county, for the sum of $900; and was purchased at said sale by the said Adelaide Tuttle; and was conveyed to her by said sheriff, by deed bearing date August 24th, 1864, pursuant to the order of the court, which confirmed the sale.

On the 24th of August, 1866, the said Murray Mason, and Clara C. Mason, his wife, jointly executed a deed to the said Adelaide M. Tuttle, whereby, in consideration of the sum of $2,000, they "remised, released, and forever quit claimed" the said tract of land; and covenanted that neither they, nor their heirs, nor either of them, nor the heirs of either of them, nor any person claiming under them, or either of them, shall at any time thereafter, by any way or means, have, claim, or demand any right or title to the aforesaid premises, or any part thereof.

This deed seems to pass from Mason and his wife to Adelaide Tuttle whatever interest remained in them in said estate, and implies that, as they understood it, and believed, the deed of the marshal passed whatever estate was held by Mason that was subject to confiscation, as in fact the deed expressly purports to do, and that it passed only his

life estate; and that the object and purpose of the deed of Mason and wife was to pass the fee—the inheritable estate—which they believed still remained in the said Mason, and that he had a right to convey the same. It assumed that the deed of the marshal, under which Adelaide Tuttle had taken possession and claimed title, was valid, and vested in her an estate, which is implied by the terms "remise, release, and forever quit claim," but not the whole estate of said Mason; that he still retained an interest which was not extinguished by the decree of confiscation, which he had a right to convey, which is also implied by the said terms.

But it is contended by the plaintiffs that by authority of *Wallach* v. *Van Riswick*, decided by the supreme court of the United States (2 Otto U. S. R. 202), the confiscation proceedings divested Murray Mason of every interest which he had in the land, and consequently that nothing passed from him to the defendant by the deed of the 24th of August, 1866. That the effect of the confiscation proceedings was not only to divest him of his interest in the estate for and during his life, but also of the right, by his act, to dispose of any inheritable estate therein, to take effect either before or after his death. But that whilst the act of confiscation extended to every right and interest which he held in the estate, leaving nothing in him that he could dispose of, it did not work corruption of blood, and the land would descend to his heirs in fee at his death, which descent he could not defeat by any act of his during his life. And that consequently the said deed of Mason and wife to Adelaide Tuttle could not operate to divest his heirs of their inheritable estate. And the attachment proceedings having no validity and passing no title to the defendant, which was conceded by her counsel, the plaintiff had the right to possession and were invested with the title.

The defendant's counsel concede that such is the result,

and that the plaintiffs have title if the confiscation proceedings are valid. But they aver that they were *coram non judice*, and that the decree of confiscation is absolutely null and void, and was consequently inoperative to divest any right of Mason in the land in question, and left him invested with the unqualified fee simple estate in the same, which he passed to the defendant by the joint deed of himself and wife of the 24th of August, 1866.

It is undoubtedly true that it was necessary, under the act of Congress, to authorize the district court to take any proceedings in the case, that, as preliminary thereto, the President of the United States should have ordered a seizure of the land, which it is held may be done through the district attorney, and that said order sould have been executed. Upon the report of said executive seizure having been made to the attorney, he files a libel of information against the party in the district court; upon which a process of the court is issued to the marshal to seize and hold the property, subject to the order of the court. It is the execution of this process which gives the court custody and control of the property, which is indispensably necessary to its jurisdiction of the case. Both seizures—the executive and the judicial—are necessary to the jurisdiction of the court. The first is necessary to authorize any proceeding by the court in the matter. And it being a proceeding *in rem*, and not *in perronam*, it is the custody of the *res* which gives the court jurisdiction; which is as necessary for that purpose as the service of the process upon the defendant, when the proceeding is *in personam*, to give the court jurisdiction. Consequently, without the judicial seizure any orders or decrees made in the cause are *coram non judice*, and have no validity or binding force whatever. They are nullities.

Does the record show that there was an execution and judicial seizure of the land in controversy? Both, as we have seen, were necessary.

Mason and als v. Tuttle and als.

It has been held that when it is averred in the libel of information that the executive order of seizure was made and executed, and the defendant is in default, it may be taken *pro confesso*. That whilst jurisdiction cannot be given by consent, yet the existence of a fact upon which jurisdiction depends may be established by consent or confession. This is going very far in a case when there is no personal service on the defendant. In this case there is no executive order of seizure appearing in the record, and no evidence of the officer's return of such an order executed. It only appears by the averment of the attorney in the libel of information which he filed, of which it does not appear that the defendant was served with the personal notice.

Nor does it appear that an order of seizure was made by the court and executed. No such order or return thereon appears in the transcript of the record, and John R. Popham, clerk of said court, certifies that upon examination he finds that no order of seizure was ever issued in the cause, and that there is an indorsement on the libel made in the handwriting of the former clerk (Berry), "No order of seizure." The copy of the entries on the docket, which he certifies are too uncertain and equivocal to be relied on to show that such an order was made and executed. And in no case in a proceeding *in rem* can the jurisdiction of the court be maintained upon the presumption that a seizure had been made from recitals in other proceedings in the cause when there is no return of the officer showing a seizure, and that the *res* has been brought under the control and in the custody of the court.

The district court of the United States being a court of limited jurisdiction, it is necessary, to give validity to its decrees and orders, that its jurisdiction of the case should be shown by the record. And that not having been shown in this case, the court is of opinion that the decree for the sale of the land of Murray Mason in controversy, and all

the proceedings under it, were null and void, and consequently were inoperative to divest the title of the said Mason; and that the same passed to the defendant in fee simple under the joint deed of Mason and wife of the 24th of August, 1866.

The court is of opinion that no question of estoppel properly arises in the case, the defendant in error, having purchased a defective title at the confiscation sale, had the right to fortify that title by purchase and conveyance from Murray Mason, the fee simple owner of the property. The court is therefore of opinion to affirm the judgment of the circuit court.

JUDGMENT AFFIRMED.