## SMITH v. HALL.

A married woman may redeem from a mortgage of real estate executed by her husband, in which she joined releasing right of homestead, and equity will uphold the mortgage in her hands to protect her homestead interest.

BILL IN EQUITY, for a homestead. Facts agreed. February 4, 1886, the plaintiff's husband mortgaged the premises in question to the Farmington Savings Bank to secure his promissory note for $641.78, the plaintiff releasing dower and homestead. September 19, 1887, Smith executed a second mortgage of the premises to the defendant (in which the plaintiff did not join) to secure his promissory note for $1,000. The defendant has commenced proceedings by writ of entry against the plaintiff's husband to foreclose the latter mortgage; also proceedings by writ of entry against the plaintiff and her husband to foreclose the first mortgage, of which he has procured an assignment to himself. Both actions are pending in court.

The plaintiff prays that a homestead may be set out to her in the mortgaged premises as against the second mortgage, and that she be allowed to contribute such proportion of the debt secured by the first mortgage as the court shall deem equitable.

*George E. Cochrane* and *Samuel S. Parker*, for the defendant, contended that the suit was prematurely brought, and that the question whether the plaintiff has any homestead right in the mortgaged premises will properly arise when conditional judgment shall have been rendered in the foreclosure suits; and cited *Foss* v. *Strachn*, 42 N. H. 40, *Norris* v. *Morrison*, 45 N. H. 490, and 1 Wash. R. P. (4th ed.) 415.

*Worcester & Gafney*, for the plaintiff.

SMITH, J. The plaintiff is entitled to a homestead of the value of $500 in the equity of redemption from the bank mortgage (G. L., c. 138, s. 1), and her right is not affected by the second mortgage to which she was not a party. She is entitled, on redeeming the bank mortgage, to hold the whole estate until the defendant shall repay her the amount of that mortgage, when she will be entitled to have a homestead assigned, without contribution, from that part of the premises occupied as such. *Pollard* v. *Noyes*, 60 N. H. 184.

All concurred.

*Case discharged.*