ANNIE R. ATWOOD *vs.* WILLIAM L. ARNOLD *et al.*

PROVIDENCE—FEBRUARY 21, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Dower. Inchoate Right.*

Although an inchoate right of dower is not an estate but only a right of action, still it is in the nature of a lien upon real estate and is treated as an incumbrance to be protected.

(2) *Dower. Mortgages. Assignment to Third Parties.*

Complainant had an inchoate right of dower in an undivided half of certain real estate owned by respondent A. Two mortgages on the estate were held by C., but had been transferred to her in part by funds advanced by A. and they were under his control. One of the mortgages had been made by complainant's husband, before her marriage ; and the second after her marriage, in which she released dower. Her husband conveyed his half part of the property to A., but complainant did not join in the deed. Complainant brings her bill to redeem the mortgages and have them assigned to her under Gen. Laws cap. 207, § 7, to protect her contingent right of dower. A. objected on the ground that the mortgages were necessary to protect his interest and title :—

*Held,* that complainant was entitled to redeem, as A. stood in the place of the mortgagor, and under the statute the requisition of an incumbrancer should prevail over that of a mortgagor.

BILL IN EQUITY to compel the assignment of certain mortgages under Gen. Laws cap. 207, § 7. Heard on bill and answer. Relief granted.

STINESS, C. J. The complainant has an inchoate right of dower in an undivided half of the Apponaug hotel estate, owned by the respondent Arnold. Two mortgages on the estate are held by Nellie J. Charlton, but, as the answer admits, they were transferred to her in part by funds advanced by Arnold, and they are under his control. One of these

mortgages was made by the complainant's husband, before her marriage ; and the second after her marriage, in which she released dower. Her husband conveyed his half part of the property to Arnold, but in this deed the complainant did not join. She brings this bill to redeem the mortgages, and to have them assigned to her under Gen. Laws cap. 207, § 7, in order to protect her contingent right of dower ; for, if the respondents should sell under the mortgages, the complainant would thereby lose her right in the property. The question raised is whether she has a right to redeem. The respondent Arnold objects to redemption by the complainant, upon the ground that the mortgages are necessary to protect his interest and title, and hence that his equity is stronger than that of the complainant.

(1)     Although an inchoate right of dower is not an estate but only a right of action, still it is in the nature of a lien upon real estate and is treated as an incumbrance to be protected. *Davis* v. *Wetherell*, 13 Allen, 60 ; *Gatewood* v. *Gatewood*, 75 Va. 407 ; *Campbell* v. *Ellwanger*, 88 N. Y. Sup. Ct. (81 Hun.) 259 ; *Frisbee* v. *Frisbee*, 86 Me. 444 ; *Vaughan* v. *Dowden*, 126 Ind. 406 ; *Smith* v. *Hall*, 30 Atl. Rep. 409.

A right to redeem being established, Gen. Laws cap. 207, § 7, provides for an assignment of the mortgage in lieu of a subrogation in equity. The only question raised in this case is the balancing of equities.

(2)     The respondent Arnold admits that he has in part paid for the mortgages upon his own property, and that he has the control of them. He does not show how it is necessary to have them outstanding in order to protect his interests. Manifestly the complainant, in case of sale, would lose her right of dower. But Arnold replies that his interest is also liable to be sold under the mortgages. He, however, as owner of the property, can fully protect himself by payment of the mortgages, and he is the proper one to do this ; while it would be unreasonable to require a payment and discharge by one who has so small an interest as the complainant. The owner may claim that in paying the mortgage he extinguishes complainant's release, and thereby enlarges her right to dower in

the whole estate instead of dower in the equity of redemption. As that question is not now before us, it is enough to say that if these mortgages are to be treated as a part of the consideration paid for the estate, and so, to that extent, exempt from dower by reason of the release, the equity remains and can be applied when dower is claimed. If no such equity exists in favor of the owner, a payment does not harm him. We are therefore unable to see any prevailing equity in favor of the owner. But if he had it we do not see how it could avail, because he stands in the place of the mortgagor; and the statute provides that the requisition of an incumbrancer shall prevail over that of a mortgagor. One is not taken to be an incumbrancer upon his own property.

We think the complainant is entitled to redeem.

*Doran & Flanagan*, for complainant.

*James Harris*, for respondents.