## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

WILLIAM V. TRIPP *vs.* WILLIAM W. BABCOCK & others.

Suffolk.    January 16, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mortgage,* Of real estate.  *Interest.*  *Building Loan.*

If one owning land subject to mortgages sells it to one who wishes to build on it, and the purchaser makes a first mortgage of the land for $5,000 to be advanced from time to time for the purposes of paying off the prior mortgages and applying the surplus to the erection of a building upon the land and also to the payment of $247 in another transaction, which without the knowledge of the seller of the land he orally agrees with the lender of the money to pay, and at the same time with the knowledge of the first mortgagee gives to the seller of the land a second mortgage for $500 to pay him for his equity, and if subsequently the purchaser goes into bankruptcy and the holder of the first mortgage for $5,000 forecloses it under a power of sale in that mortgage, in a suit by the seller of the land against the first mortgagee to compel him to account for the surplus of the proceeds of the foreclosure sale, in order that it may be applied toward the payment of the plaintiff's second mortgage for $500, the defendant is entitled to charge the payment of $247 which by the oral agreement was to be made by the mortgagor in the outside transaction as a payment properly covered by the mortgage, the defendant's knowledge of the second mortgage to the plaintiff to secure the purchase money for the land having put him under no obligation to the plaintiff to see that the money advanced under the first mortgage was applied, after paying off the prior incumbrances, to increasing the value of the property by the erection of the contemplated building.

If one lends upon a mortgage of certain land $5,000, which, after the discharge of certain prior incumbrances, is to be advanced in instalments from time to time as a building to be erected by the mortgagor reaches certain stages of completion,

and by the terms of the mortgage and the mortgage noté the mortgagor agrees to pay $5,000 in four months with interest thereon monthly at the rate of one and one quarter per cent per month, and if after a part of the advances have been made the mortgagor goes into bankruptcy and the mortgagee forecloses the mortgage under a power of sale contained in it, in accounting to the holder of a second mortgage on the same property for the surplus that should be in his hands from the proceeds of the foreclosure sale, he is entitled to charge interest on the full amount of $5,000 only during the time that he was required to keep that amount in readiness, and from the time the mortgagor went into bankruptcy, when the obligation of the mortgagee to make further advances ceased, he can charge interest only on the amount actually advanced.

BILL IN EQUITY, filed in the Superior Court on March 8, 1904, by the holder of a second mortgage on certain real estate on Lindsey Street in that part of Boston called Dorchester against William W. Babcock, the mortgagee under a first mortgage of the same property, and the William W. Babcock Company, a corporation, the assignee of the first mortgage, which had foreclosed that mortgage and sold the property under a power of sale in the mortgage, for an accounting, alleging that the defendants had included in the amount claimed to be due under the first mortgage certain items which should not have been so included, and praying that the surplus in the hands of the defendants over the amount actually due under the first mortgage might be paid over to the plaintiff.

In the Superior Court the case was referred to George D. Burrage, Esquire, as master. A part of the master's report was as follows:

No contention was made by the defendants, or any of them, that the rights of any *bona fide* holders for value without notice had intervened as against the plaintiff's rights if he had any, and the case was treated and argued as if Babcock was the sole defendant.

On November 5, 1903, the plaintiff was the owner of certain real estate on Lindsey Street in Dorchester. This and other real estate then was subject to a first mortgage for $4,200 held by the Roxbury Institution for Savings, and to a second mortgage for $800 held by one Charles G. Smith. Arrangements having been made with the holders for the subsequent release of these mortgages as far as the real estate in question was concerned for $2,300, the plaintiff conveyed such real estate, subject to these mortgages, to one Abner N. Garland, by deed dated

November 5, 1903.   This deed contained the following recital:
" This conveyance is subject to mortgages of 2300 dollars to the
Roxbury Institution of Savings and Charles G. Smith, and to all
municipal liens and assessments," the parties agreeing that the
mortgage incumbrances above mentioned should be thus appor-
tioned.   By a mortgage of the same date, in the usual form,
Garland mortgaged a portion of the real estate so conveyed to
him to the defendant Babcock for $5,000; and by a mortgage
of the same date in the usual form again mortgaged the same
portion to the plaintiff for $500, " subject to a mortgage of
$5,000 to William W. Babcock of even date herewith."   The
deed to Garland, and the two mortgages by Garland to Babcock
and the plaintiff, respectively, were all recorded together on
November 6, 1903.

The remaining portion of the land conveyed by the plaintiff
to Garland was mortgaged by Garland to one McKenney for
$5,000, and, subject to the mortgage to McKenney, was mort-
gaged to the plaintiff for $500.

The $2,300 necessary to pay off the mortgages to the Roxbury
Institution and to Smith, above mentioned, was to be raised as
follows: $1,100 out of the consideration of each of the two first
mortgages to Babcock and McKenney, respectively, and the re-
maining $100 to be paid by the plaintiff.

The price at which the land sold to Garland was taken by
him was $3,200; and the second mortgages for $500 each, given
to the plaintiff, were taken by him as payment for his equity in
the land.   At the time he took the first mortgage Babcock knew
that the plaintiff was taking back a second mortgage to pay for
the land.

The mortgages to the Roxbury Institution and to Smith after-
wards were released as far as this land was concerned.

No part of the consideration for the mortgage to the defendant
Babcock was paid when the mortgage and note were delivered,
but an agreement was executed and delivered at that time in
regard to the payment of the consideration.   This agreement
provided in substance that the $5,000 should be paid in six in-
stalments as the building which it was contemplated to erect on
the premises should reach certain stages of completion.

Certain sums were paid by the defendant Babcock, from time

to time, on account of the consideration for the first mortgage. [Here followed a statement of the items of payment.]

None of the items stated in the account was disputed by the plaintiff, except the items numbered 4, 11 and 25.

Item 4 was as follows:

"Nov. 28, 1903.
    On account of mortgage on Lot 57 Lindsey Street.    $247"

Before November 6, 1903, the defendant Babcock and one McKenney held a mortgage given by Garland on Lot 57 Lindsey Street, which was a lot across the street from the land covered by the mortgage in question in this suit. On the same day on which the latter mortgage was delivered and before such delivery Babcock and McKenney, at the request of Garland, assigned the mortgage on Lot 57 for $5,000. At that time there was due on the mortgage so assigned $5,494. It was agreed orally between Garland, the defendant Babcock and McKenney that the $494 due on the mortgage on Lot 57 over and above the $5,000 received for such mortgage should be covered and secured, one half by the mortgage taken by Babcock, dealt with in this suit, and the other half by the mortgage taken by McKenney on the adjoining real estate, as hereinbefore set forth; and that the $247 to be secured by the Babcock mortgage should be deducted from the first instalment to be paid on account of the consideration thereof. Promissory notes were taken by the defendant Babcock and by McKenney, each for $247, and on November 28, 1903, the note held by the defendant Babcock was surrendered to Garland, and the charge of $247 covered by this item was made.

The plaintiff contended that this transaction was, in effect, the payment of a prior debt of Garland's; and that the defendant Babcock had, as against the plaintiff, no right to include the $247 in the account; that the first mortgage was a "construction loan mortgage," so called; and that Garland and the defendant Babcock had no right to agree that such construction loan mortgage should cover and be security for any amount other than amounts actually expended in connection with the building of the house contemplated by the agreement.

"I find that the Babcock mortgage was in the usual form; that

the consideration was recited to be '$5,000 paid by William W. Babcock'; that the condition was for the payment of '$5,000 in four months from this date with interest monthly at the rate of $1\frac{1}{4}$ per cent per month'; and that there were no other or special provisions in regard to the consideration, or the manner of its payment, contained in the mortgage.

"I find that there was no statement or representation by the defendants, or any of them, made to the plaintiff that the first mortgage was a 'construction loan mortgage'; and that there was no statement or representation whatever made to the plaintiff by the defendants, or any of them, in regard to the consideration of the first mortgage or the manner of its payment. I find that the plaintiff's mortgage recited that it was 'subject to a mortgage of $5,000 to William W. Babcock of even date herewith'; and that the agreement in regard to the consideration was not recorded and was not in any other way brought to the attention of the plaintiff.

"I find that the agreement between Garland and Babcock that the amount in question should be covered and secured by the mortgage which Garland was about to give was made in good faith; that such agreement on the part of Garland was part of the consideration for the taking of such mortgage by Babcock; and that the assignment of the mortgage on Lot 57 for $5,000 (being less than the amount then due on the mortgage) was made in part consideration of the agreement that the $247 was to be secured by the new mortgage.

"I find and rule that this item was included properly in the account."

Item 11 was a charge for a premium on a policy of fire insurance on the house for three years paid by Babcock. The finding of the master on this item was in accordance with an agreement of the parties.

Item 25 was as follows:

"Interest . . . . . . . . . . . . . . . $218.75"

The defendant Babcock charged interest on the full amount of the mortgage, $5,000, from the date thereof to the date of foreclosure sale at the rate of one and one quarter per cent per month, the rate stipulated in the mortgage. The plaintiff con-

tended that the defendant should be allowed interest only on the amounts actually advanced, or at any rate should, after knowledge of Garland's bankruptcy, be allowed interest from that time only on the amounts actually advanced, contending that after that time there was no obligation upon the defendant Babcock to hold the remainder of the $5,000 in readiness. There was no agreement in writing or otherwise in regard to the interest, other than that contained in the mortgage and note, both of which contained an absolute promise to pay $5,000 in four months with interest thereon monthly at the rate of one and one quarter per cent per month.

"I find, if material, that the defendant Babcock knew of Garland's bankruptcy ' a day or two after he went in.'

"I find and rule that the defendant Babcock is entitled to interest according to the terms of the mortgage and note upon the whole sum of $5,000 from the date of the mortgage and note to the date of the foreclosure sale at.the rate of $1\frac{1}{4}$ % per month; and that this item should be allowed."

The master also made these findings among others:

"I find that Babcock's mortgage was in fact what is popularly called a 'construction loan mortgage,' except in so far as it was agreed that it should secure the sum of $247, as above set forth.

"I find that part of the money advanced to Garland by the defendant Babcock was advanced for special purposes in order to make payments for labor, etc., on the house. I find that it was all advanced in such a way that the inference might be drawn that it was advanced piecemeal to pay for labor, etc., on this house, except where the account shows that it was advanced for other purposes.

"I find that the plaintiff gave no authority of any kind to Babcock, or made any agreement with him, in regard to Babcock's use of the security of Babcock's mortgage."

The case was heard by *Gaskill*, J. upon the master's report and the plaintiff's exceptions thereto. The judge made a final decree overruling all the plaintiff's exceptions to the master's report except one which was sustained in part, and as to that it was ordered, adjudged and decreed that Item 25 in the mortgagee's account be reduced by not computing interest on the full amount of $5,000 after January 18, 1904, the date of Gar-

land's bankruptcy, but that from that date interest should be computed at the rate of one and one quarter per cent per month as stated in the mortgage note on the amount actually advanced before that time, to wit, $2,172.50 ; and ordering that the master's report otherwise be confirmed.   The plaintiff appealed from the decree.

*J. H. Beale, Jr., & A. M. Beale*, for the plaintiff.

*F. N. Nay*, for the defendants.

SHELDON, J.  1.  On the facts found by the master, the fourth item in the defendant's account for $247 was rightly allowed.   This amount was really paid by Babcock to Garland in the manner agreed upon between them when the mortgage was given.   The fallacy of the plaintiff's argument is in its assumption that it was the duty of Babcock to see to it that what he advanced under the mortgage went, after the discharge of the previous mortgages, to pay for the expenses of improving the property by erecting a building thereon.   But this is not so, nor did Babcock owe any duty to the plaintiff to see that this should be so.   Even independently of his oral agreement with Garland, he was to make advances to Garland when the building to be erected by the latter should have reached certain stages of completion ; Garland might make such application of the advances as he should choose.   If Babcock had so advanced $247 more than he did, and then Garland had paid Babcock that sum for the other indebtedness, either out of the money so advanced or from other resources, the result would have been the same ; but the plaintiff could have made no complaint.   The plaintiff has lost nothing by having that done directly which might have been done indirectly.   But besides this the master has found that Babcock's mortgage was taken with the express agreement that this item should be secured by it, and that only subject to this agreement was it what is popularly called a " construction loan mortgage."   The plaintiff's claim could not be supported without affirming that a first mortgagee who learns that part of the purchase money is secured by a second mortgage must at his peril see that all his future advances are applied to increasing the value of the property.   None of the authorities cited by the plaintiff go to this length ; and we are not willing to take such a positon.   *Johnson v. Thompson*, 129 Mass. 398.

2. The Superior Court was right in its ruling as to interest. Garland had agreed to pay interest on the full amount of $5,000. This appears by the terms of both the note and the contemporaneous agreement between them. As Babcock was required to keep the full amount in readiness, this was necessary to his full compensation. But when Garland went into bankruptcy Babcock's duty to make further advances ceased; and, as against the plaintiff at any rate, he no longer should be allowed interest on anything more than the amount actually advanced. *Bangs* v. *Fallon,* 179 Mass. 77. *Lewin* v. *Folsom,* 171 Mass. 188.

No other questions were argued before us.

*Decree affirmed.*