UNITED STATES v. CERTAIN LANDS IN TOWN OF PORTSMOUTH, R. I.

In re QUINN.

(Circuit Court, D. Rhode Island. October 22, 1909.)

No. 2,780.

DOWER (§ 112*)—ASSIGNMENT BY PROBATE COURT—CONCLUSIVENESS OF DE-
CREE.

Where, after the condemnation by the United States in a federal court of easements appurtenant to the lands of a decedent, but before the award of damages, the widow obtained an assignment of her dower in the probate court, the federal court will not award her a dower interest in the fund paid into court as damages on the unsupported assertion that the value of the easements was not taken into account in the probate court, in the face of the decree which does not show such fact, but she will be required to make application for any desired modification of such decree to the probate court.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 317; Dec. Dig. § 112.*]

Proceeding by the United States for condemnation of certain lands in the Town of Portsmouth, R. I. In the matter of the claim of Helen M. Hall Quinn. Claim denied.

Wm. P. Sheffield, for petitioner.
Frank A. Pease, for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, District Judge.   By the terms of the decree of award in this cause it is provided:

"Said award to said Hall claimants being in full of any and all rights and interests of Helen M. Hall Quinn, widow of the said Benjamin Hall, and is made subject to the dower interests of said Helen M. Hall Quinn, if any therein, to be hereafter determined by this court, in full for all damages sustained by said claimants by reason of the taking of said easements under said condemnation proceedings."

In pursuance of this decree, a hearing was had upon the question whether the said award to the Hall claimants is subject to a dower interest.

The claimant is the widow of Benjamin Hall, who died August 5, 1901, seised of lands in Portsmouth, R. I.   Appurtenant to said lands were certain easements which were condemned and extinguished by the United States by decree of this court, dated September 18, 1905. After the entry of the decree of condemnation, but before the entry of the decree of award of damages, the petitioner filed with the court of probate of Portsmouth, R. I., her petition for assignment of dower, pursuant to which commissioners were appointed, and on July 13, 1906, her dower was set off to her by metes and bounds; land known as the "Mott Farm" being assigned to her.

By her claim filed in this cause she sets up this assignment of dower, but avers:

"That in considering the amount of her dower, and in setting off and assigning the same, no account was taken or consideration had of the proceedings herein and the loss of rights and the damages suffered by this claimant by reason thereof, and no allowance was made to her on that ground by the commissioners appointed by said probate court to set off her dower as aforesaid, nor did she, by reason of her ignorance that these proceedings were pending, call them to the attention of said commissioners."

Though the counsel for the claimant seems to have regarded these facts as conceded, I find no support for this contention.   The record of proceedings before the probate court does not, in my opinion, support the claimant in these allegations of fact.   Though the easements appurtenant to the lands of Benjamin Hall at the time of his decease are not mentioned specifically, the petition to the probate court averred that:

"The petitioner is entitled to her dower in all of the lands, tenements, and hereditaments of which said Benjamin Hall died seised in said town of Portsmouth."

The specific descriptions of the various tracts in the petition contain no reference to appurtenant easements.   Nevertheless, it is the ordinary rule that in conveyancing such easements will pass by a description of the land, though not specifically mentioned or referred to.   The language of the petition and the decree of the court of probate assigning the dower omit any express reference to easements; but from this omission alone it cannot be inferred that the commissioners in the admeasurement of dower did not give due consideration to the value of the lands, together with the easements appurtenant thereto at the date of the death of Benjamin Hall.

The claim that dower was assigned merely on the basis of the value

of the lands as they remained after condemnation of the easements cannot at the present stage of the case be accepted as fact. The contention is in substance that the admeasurement of dower was incomplete, inasmuch as she was not given an estate which was in value equal to one-third of the entire estate of which she was dowable. Assuming the truth of the claimant's allegations, they amount to a statement that the commissioners in assigning her dower adopted an erroneous basis of measurement. As a matter of right she was dowable out of her husband's lands with such enhancement of value as was due to the appurtenant easements, and her right could not be lessened through condemnation proceedings without just compensation to her. It would be manifestly unjust that appurtenant easements which added to the value of the lands, and thus increased the value upon which her dower should be computed, should be taken, and that the entire compensation for the taking should be awarded to the heirs. The result of this would be in effect a conversion of a part of the entire estate out of which she was dowable into money, and the payment of this money to the heirs at law, freed from any claim of the widow. It is obvious that dower rights, if properly asserted, cannot be extinguished in this manner. The claim of dower, even when inchoate and not consummate, as in the present case, is in the nature of a lien upon real estate, and is treated as an incumbrance to be protected. Atwood v. Arnold, 23 R. I. 609, 610, 51 Atl. 216.

If it be the fact that the value of the entire estate out of which the claimant was dowable was reduced by the condemnation proceedings, and that this reduced value was the basis upon which the dower was determined, it seems quite clear that the widow has failed to secure what was her legal right. The difficulty in the present case is not in the claimant's arguments as to the law governing the claimant's substantive rights, but in the facts now before the court. The claim of a present dower right in funds which may be considered as the equivalent of a portion of her husband's estate is met by a record of a previous assignment of dower, which upon its face seems a bar to further proceedings.

The contention that the commissioners did not consider the value of a portion of the estate out of which she is dowable amounts to a contention that there was error or mistake in the decree of the probate court. Ordinarily the proper place for the correction of an erroneous decree is in the court where the decree was entered. It is suggested, however, that under the terms of the present decree of award the dower interests are, by consent, to be determined by this court, and that the present decree is broad enough to give the court jurisdiction in the same way that a court of equity might have jurisdiction upon the discovery of new lands not known at the time of setting off the dower.

The argument that, upon proof that these easements were not taken into consideration by the commissioners, the case becomes simply one of the omission or oversight of a part of the husband's estate, and can be corrected in this court by giving the equivalent of a dower interest in the amount of the award, regardless of the prior assignment of dow-

er, is not free from practical difficulties. The assignment of dower was by metes and bounds; a particular farm was assigned to the widow. It is quite in accordance with ordinary practice that this assignment was approximately rather than mathematically correct. The character of the division indicates an approximation, and possibly an assent by the heirs to what must be regarded rather as a practical than as a theoretically correct assignment of dower.

It would seem more suitable that the question of the relation of the Mott farm already assigned to the claimant to the entire value of the Benjamin Hall estate should be reconsidered than that it should be assumed by this court as mathematically accurate. In other words, having due consideration for the methods of assigning dower, it would seem not unlikely that the Mott farm already assigned may be a proper assignment of dower, even if some additions should be made to what we may term the "principal of the estate for the purpose of computing the widow's third." If, for the sake of practical convenience, there has been some inaccuracy in the assignment of dower, this might fairly be readjusted upon a new consideration of the relation of the value of the Mott farm to the entire estate of Benjamin Hall without deduction of the value of the easements. It would seem hardly proper that this court, for the purpose of making a proper apportionment of the fund, should either reconsider all the questions which were before the commissioners in the original assignment of dower, or that it should assume the exact mathematical accuracy of that assignment.

The decree of the court of probate is at present, and until reformed, a complete answer to a further claim of dower. Whether there are sufficient grounds for reforming this decree or for supplementary proceedings, I am unable to determine on the present record. It seems quite clear, however, that upon no theory should the heirs at law be deprived of immediate payment of such portion of the award as exceeds an amount sufficient to satisfy the value of the widow's dower interest, assuming her contention to be correct.

I am further of the opinion that the claimant should be given a reasonable time to take such proceedings in the probate court or elsewhere as she may be advised are necessary for the reformation of its decree, and that there be retained during such period in the registry of the court a sum sufficient to satisfy her claim if it shall be finally adjudicated in her favor.

A draft order may be presented accordingly.