ROBERT B. KEMPTON & another *vs.* JAMES H. BOYLE & others.

Hampden.     September 10, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To redeem from mortgage.

In a suit in equity by a second mortgagee of real estate to redeem the real estate from a first construction mortgage, it appeared that the first mortgagee was to advance an agreed sum of money in 'instalments, and that, after a schedule of payments had been prepared and before the first mortgage and the construction loan agreement had been executed, the mortgagor orally agreed with the first mortgagee, in consideration of his promise to make the loan, with the risk attendant thereon, and of certain services to be performed by him in connection with the loan, to pay him a bonus of an agreed amount. The oral agreement for the bonus was not mentioned in the construction loan agreement in writing and was not known to the second mortgagee when he took his mortgage. One half of the bonus was to be deducted from the first advance by the first mortgagee and the other half from the third advance. There was no agreement, express or implied, that any part of the bonus should be remitted if the building was not completed or if the full amount specified in the schedule.was not advanced. The first mortgagee performed his agreement in regard to services. After the third advance the mortgagor abandoned work on the building. *Held,* that the bonus was not a mere gratuity but that the contract for its payment was a valid one and that, in order to redeem the property, the plaintiff must pay to the first mortgagee the amount of the bonus in addition to the amount of money advanced by the first mortgagee.

BILL IN EQUITY, filed in the Superior Court on December 15, 1917, by the holders of two junior mortgages respectively on two parcels of real estate in Springfield against James H. Boyle, the holder of prior construction mortgages thereon, and Henry Tremblay and Octave Vaillancourt, the mortgagors, to redeem the property from the prior mortgages and for an accounting.

The case was referred to a master, who filed a report containing, with other findings, the findings of the facts that are stated in the opinion. Later the case was heard by *King,* J., who found the facts to be as set forth in the master's report and made an interlocutory decree confirming the master's report so far as the findings of fact were concerned. But the judge, deeming it no part of the master's duty under the rule to him to pass upon the ques-

tion of law whether the plaintiffs in order to redeem the premises described in the bill from the mortgages therein mentioned should be required to pay the defendant Boyle the several sums described as bonuses for loans and amounting to $900 besides interest, which sums were charged by the defendant Boyle to the defendants Tremblay and Vaillancourt but were not paid to them as a part of Boyle's mortgage loans to said defendants, the master's ruling in that regard was not confirmed.

At the request of the parties the judge upon the pleadings and the facts found by the master as set forth in his report reserved and reported the case and all questions of law arising therefrom for determination by this court.

The case was submitted on briefs.

*J. H. Jones,* for the plaintiffs.

*J. F. Jennings & W. P. Jennings,* for the defendant Boyle.

DE COURCY, J. The plaintiffs hold a junior mortgage on each of two lots of land in Springfield, and seek from the defendant Boyle, owner of prior construction mortgages, an accounting in order to determine the amount required for redemption. The mortgagors, Tremblay and Vaillancourt, partially erected a building on the lot at the corner of Plainfield and Rowland streets, but abandoned the work on September 2, 1917, when the house was ready for roofing. They then had received from the first mortgagee, Boyle, a payment of $400 on July 27, 1917, $400 on August 17 and $500 on September 1. Boyle, however, took from them a receipt acknowledging the payment of $700 on the first and $800 on the last of these dates; the extra $600 being for an alleged bonus. On the second lot the mortgagors did no work except excavation and the construction of the cellar wall. On July 27, 1917, Boyle paid them $400, under his construction mortgage on this lot, and took a receipt for $700, the extra $300 being on account of a bonus of $600 which he was to receive.

On the facts found by the master it is not now denied that Boyle is legally entitled to interest on each $6,000 note from its date to September 1, 1917; and on the instalment payments from that date to the time of redemption. *Tripp* v. *Babcock,* 195 Mass. 1. The only question raised by the plaintiffs (aside from that of costs) is whether they are required to pay the

$900 charged as bonuses, in order to redeem from the first mortgages.

On the findings of the master, we must accept the following facts as established: The plaintiff Kempton, representing himself and his co-plaintiff, was present at the signing of all the papers; and a copy of each of the construction loan agreements was delivered to him. The defendant Boyle declined to embody in the agreements any provision limiting payments to eighty per cent of the cost of the labor and materials incorporated into the buildings, or one requiring the approval of the plaintiffs to all payments. There was no express mention of "bonus" in the agreements. The finding of the master is, that, after a schedule of payments had been prepared and before the instruments were executed, "the mortgagors agreed with the defendant, in consideration of his promise to make the loans, with the risk attendant thereon, and to perform the services which it was expected and understood should be rendered by him in connection with the progress of the undertakings, to pay him $600 on each loan as a bonus. It was also then agreed between them that half of this bonus should be deducted from the first payment made on each mortgage and the same amount from the third payment." He further finds that "the defendant [Boyle] visited the property very frequently, and no claim was made that he had not rendered whatever services were due the mortgagors under his agreement with them, or that he had not performed the duties incumbent on him as the holder of the construction loan mortgages." Further, that "there was no agreement, express or implied, that any part of the bonus should be remitted if the buildings were not completed, or if the full amount specified in the schedule was not advanced, or the entire third payment was not required to be made." According to these findings the bonuses were not mere gratuities, but valid contracts, and the consideration therefor was fully performed by the defendant Boyle. It seems a hard bargain, especially in view of the express provision in each of the construction contracts, that the mortgagors and those claiming title under them "agree to pay interest at the times and rate named in said mortgage note on the whole sum agreed to be advanced from the date of said note in any event, . . . notwithstanding the fact that all of said monies are not advanced forthwith." But in

accordance with their voluntary agreement, the mortgagors undoubtedly would be required to pay these bonuses, if they were the parties seeking to redeem.

As already stated, the written agreements contained no reference to a bonus, and the plaintiff Kempton was not informed of the oral agreement providing for such payment at the time when it was made. The master reports: "He testified, however, that he became aware of it previous to the time of the third advancement, and there was no evidence that he then questioned its validity or propriety. He objected, however, to the deduction of the bonus on the last payment when he learned it had been made, which was after the discontinuance of the work. The defendant never told the plaintiff he was taking receipts for larger amounts than were actually advanced, but no false statements were made by him in reference thereto. . . . There was no evidence warranting an inference that the defendant did not act throughout the transaction in good faith."

On these findings the case is governed by *Tripp* v. *Babcock, supra.* In that case, on a bill for accounting by the second mortgagee, it was held that the holder of the construction mortgage was entitled to charge a payment of $247, due to the mortgagee in an outside transaction, which the mortgagor orally had agreed should be secured by the mortgage. It is as true in this case as in that, that if the construction mortgagee, Boyle, had actually advanced to the mortgagors $900 more than he did, and they had then paid Boyle that sum for the "bonuses," either out of the money so advanced or from other resources, "the result would have been the same; but the plaintiff could have made no complaint. The plaintiff has lost nothing by having that done directly which might have been done indirectly."

We are constrained to decide that the defendant is legally entitled to interest on $12,000 from the date of the notes until September 1, 1917, the date of the third advance, to the $1,700 actually advanced, and $57.75 paid for insurance with interest on both from September 1, 1917, to the time of redemption, and to the $900 "bonus," without interest. No costs are to be allowed.

*Decree accordingly.*