ROSE A. TIERNEY *vs.* CITIZENS SAVINGS BANK *et al.*

MAY 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought to compel the respondent Citizens Savings Bank to assign to a nominee of the complainant a certain mortgage deed and transfer of the note secured thereby. The cause is before this court on appeals from a decree of the Superior Court granting certain prayers of the complainant and denying others; sustaining exceptions to paragraphs seventeen to twenty-five of the bill and ordering same expunged and stricken from the answer and dismissing the cross bill of the respondents Thomas J. Tierney and Sarah F. T. Flanagan; allowing certain claims of the respondent Citizens Savings Bank and denying others. The parties adversely affected by the decree have appealed to this court.

Counsel for certain banking and financial interests not parties to the present proceeding have filed briefs as *amici curiae* upon the question of the apportionment of money paid as interest upon said mortgage note.

Complainant Rose A. Tierney is the wife of Thomas J. Tierney, who with his sister, Sarah F. T. Flanagan, are the owners in fee as co-tenants of certain real estate in the city of Providence. The respondent Citizens Savings Bank is the holder of the mortgage upon the real estate, the balance due being $9,000 with interest. The complainant joined in the mortgage deed and therein released her inchoate right of dower in said real estate.

August 19, 1929, the interest upon said mortgage note became due, the respondents Tierney and Flanagan did not pay the same and the Citizens Savings Bank proceeded to advertise the foreclosure of the mortgage. While foreclosure proceedings were in progress, the respondents Tierney and Flanagan made arrangements whereby the mortgage and note should be transferred to other parties and informed the Citizens Savings Bank that it was their intention to request the assignment of the mortgage and transfer of the note to

the Union Trust Company in Providence. September 30, 1929, complainant demanded the assignment of said mortgage and transfer of the note to her nominee and thereafterwards, October 3, 1929, the respondents Tierney and Flanagan presented to the Citizens Savings Bank a written demand that the mortgage be assigned and the note be transferred to their nominee, the Union Trust Company. The Citizens Savings Bank declined to comply with either demand and the complainant filed this bill against the Citizens Savings Bank praying for an injunction to prevent the foreclosure of the mortgage and also that the Citizens Savings Bank be required to assign the mortgage, and note secured thereby, to one Andrew Sherry. Respondents Tierney and Flanagan thereafter on motion were granted leave to intervene and be made parties to this suit and to file their answer therein. This answer contains a prayer that said Citizens Savings Bank be required to assign said mortgage and to transfer said note to their nominee and in paragraphs seventeen to twenty-five it is alleged that by reason of complainant's failure to fulfill an agreement to release dower, her bill should be dismissed. Complainant filed exceptions to said paragraphs seventeen to twenty-five which, upon hearing, were sustained and said paragraphs ordered expunged and stricken from the answer. The final decree, from which appeals have been taken, sustains the contention that complainant having an inchoate right of dower in the real estate described in the bill is an encumbrancer with respect to said real estate within the meaning of Section 7, Chapter 302, General Laws, 1923, and that as such encumbrancer she is entitled to require from the respondent Citizens Savings Bank an assignment of said deed of mortgage and an endorsement of said mortgage note to Andrew Sherry or such other person as complainant may designate. It was also decreed pursuant to an agreement between the respondents Tierney and Flanagan and the respondent Citizens Savings Bank that said Tierney and Flanagan having paid interest on said mortgage note from

August 19, 1918, to August 19, 1929, at the rate of six per cent per annum, that said payments of interest constituted payment in full of the interest due on said mortgage note and mortgage up to August 19, 1929; and that the amount of said interest payments over and above five and one half per cent per annum of the principal from time to time due did not constitute any payment on account of the principal and cannot be applied to reduce the amount of the principal of said note; that the amount due and owing at the time of the entry of said decree of October 6, 1930, was $9,000, and that the interest payable from August 19, 1929, to the date of the assignment of said mortgage should be at the rate of six per cent per annum; that the respondent Citizens Savings Bank upon the assigning of the mortgage and transfer of the note thereby secured should be entitled to receive from the complainant or her nominee certain sums itemized and numbered in said decree from one to seven inclusive. Said court refused to allow to the respondent Citizens Savings Bank any fee for services of its counsel in the protection of its interests in the present proceeding, from which refusal the respondent Citizens Savings Bank has appealed.

The principal questions raised in the proceedings are questions of law, the facts being practically undisputed. The main question before us is whether the complainant Tierney is an encumbrancer under Section 7, Chapter 302, General Laws, 1923, and by reason thereof as against the respondents Tierney and Flanagan is entitled to require an assignment of the mortgage and transfer of the note to her nominee. The portion of the above section referring to the rights of an encumbrancer is as follows: " . . . but a requisition of an incumbrancer shall prevail over a requisition of the mortgagor." This section has been construed by the court in *Atwood* v. *Arnold et al*, 23 R. I. 609, and under the principles therein established complainant contends that she has the right to require an assignment of the mortgage and transfer of the note to her nominee. The rule laid down in *Atwood* v. *Arnold, supra,* is directly in point with the present

case. Her release of dower in the mortgage deed in no manner deprives her of her right to redeem as the respondent Flanagan's interest is, to a certain extent, encumbered by complainant's inchoate right of dower. See also *Davis* v. *Wetherell,* 13 Allen 60; *Gatewood* v. *Gatewood,* 75 Va. 407; *Campbell* v. *Ellwanger,* 88 N. Y. Sup. Ct. (81 Hun.) 259; *Frisbee* v. *Frisbee,* 86 Me. 444; *Vaughan* v. *Dowden,* 126 Ind. 406; *Smith* v. *Hall,* 30 Atl. Rep. 409.

The instant case forcibly points out the necessity of protecting an encumbrancer. It will be noted that the mortgage originally was for the sum of $26,000, which under the banking laws of Rhode Island (a bank being entitled to loan sixty per cent of the value of the real estate) would show a total value in excess of $43,000. This property was advertised for sale at foreclosure for a balance of $9,000 and interest and had a sale taken place it is possible that, with few bidders present, the property might have been sacrificed and complainant's dower right therein rendered practically valueless. Under our law an encumbrancer is not entitled, except by special agreement, to notice of foreclosure while the owner in the very nature of things has notice of the requirements of a holder of a mortgage and of any intention to foreclose the same. So that in fairness to an encumbrancer it is necessary that the encumbrance should be in the hands of one who is willing to notify the encumbrancer of any prospective change in the title of the mortgage, of nonpayment of interest, or any other matter which without his knowledge might result in sacrifice but which if known by the encumbrancer might and probably would enable him to protect his interest by a further transfer, notifying possible purchasers of any proposed sale and taking such steps as one having a pecuniary interest in property may to protect this interest. For this reason equity should as far as possible protect an encumbrancer against substantial loss which might occur in the event of foreclosure without his knowledge.

In the present case it appears that, although the rent of the real estate was ample to pay interest on the amount due

as well as something on account of the principal, the respondents Tierney and Flanagan were willing (if not desirous) of having the mortgage foreclosed.

Paragraphs seventeen to twenty-five of the answer of the respondents Tierney and Flanagan which were ordered expunged and stricken from the answer, set forth that Rose A. Tierney, complainant in this suit, was a petitioner in certain divorce proceedings in which a decree was entered July 11, 1924, wherein said Rose A. Tierney was granted a divorce from bed and board from the respondent Thomas J. Tierney. Said decree contained, among others, the following stipulation: "It is further ordered, adjudged and decreed, that until further order of this Court said respondent shall pay to said petitioner for her support and support of said minor son, the sum of Forty-five Dollars ($45) per week each and every week hereafter, the first payment hereunder to be made on July 14, 1924, and in lieu of dower." And it is alleged that said decree was entered into by consent of the parties and that the stipulation as to release of dower was the result of an agreement between the respondent and his counsel on one hand and counsel for petitioner on the other, to the effect that the dower right of the petitioner in the real estate of the respondent should be released and surrendered; that the release and surrender of petitioner's dower right in the real estate of the respondent was a consideration for fixing the amount of $45 per week to be paid by the respondent for the support of the petitioner and minor son of said parties; that the words "in lieu of dower" were intended to express the waiver, surrender or release of said dower right of the petitioner; that the petitioner knew of the above agreement and its purpose and that the refusal of the said Rose A. Tierney to waive said dower right and any attempt by the complainant, Rose A. Tierney, to exercise her right of inchoate dower is unjust, unconscionable and in violation of the agreement incorporated in said decree of July 11, 1924.

This court in the case of *Tierney* v. *Tierney*, 50 R. I. 105, decided that the above decree did not of itself have any

effect upon the inchoate right of dower of Rose A. Tierney. The respondents Tierney and Flanagan contend that, though the decision of this court in *Tierney* v. *Tierney, supra,* decides that complainant's agreement to release dower was of no binding force and effect, said decision does not absolve complainant in the present case from meeting the obligation which equity imposes upon those who seek its aid, quoting in their brief as a basis therefor the principles embodied in the maxim, "He who comes into equity must come with clean hands," and urge that she, having agreed to release her right of dower by an agreement not legally enforceable yet having made such an agreement may not in this proceeding in equity be granted the relief prayed for because she has refused to fulfill the same.

This court in *Tierney* v. *Tierney, supra,* having determined that complainant has not parted with her dower right in the property in question, it would be inequitable in this proceeding to deprive her of the right to protect the same against loss or great diminution by reason of foreclosure proceedings. The relief asked in the present case will cause no pecuniary or other loss to respondents Tierney and Flanagan; it is solely for the protection of the encumbrancer. The circumstances as disclosed by the record show that she abundantly requires such protection. There was no error in the ruling of the court ordering the paragraphs above referred to expunged and stricken from the answer.

Neither the provisions of the mortgage deed nor the statute in regard to the assignment of mortgages on request of an encumbrancer is broad enough to permit the Citizens Savings Bank an allowance of counsel fees in the present proceeding. The allowance made in the decree appealed from includes all that the Citizens Savings Bank is entitled to under the law.

There also arises the question relating to the amount of interest which should be allowed on the mortgage, the mortgage note by its terms bearing interest at the rate of five and one half per cent per annum. It appears that in the spring

of 1918 the respondent Bank by means of a circular letter or notice raised the rate of interest on all mortgages, including the one in question, to six per cent. The owners of the property, respondents Tierney and Flanagan, were so notified and agreed to such increased rate of interest without objection of any kind and subsequently from 1918 to 1929 paid interest on the mortgage note at the rate of six per cent per annum. The complainant contends that, upon the mortgage note, interest should not be charged at a rate greater than five and one half per cent and that the one half per cent in excess of this rate paid for eleven years thereafter should be applied to the reduction of the principal, and that since September, 1929, the time of her demand for an assignment, interest should be computed at five and one half instead of six per cent.

The parties to a mortgage, as far as their own rights are concerned, may make a valid and binding subsequent oral agreement that the debt secured by the mortgage should bear a higher rate of interest than that originally specified in the mortgage. C. J. Vol. 41, 473, Vol. 42, 398; *Tripp* v. *Babcock*, 195 Mass. 1; *Ellis* v. *Sullivan*, 241 Mass. 60; *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282.

In *Kempton* v. *Boyle*, 233 Mass. 579, holders of junior mortgages were required when redeeming a prior mortgage to pay a certain bonus agreed to between prior mortgagor and mortgagee and of which obligation they had no knowledge.

Since 1918, when the rate of interest was changed, the Bank is entitled to interest at the rate of six per cent per annum. The agreement between the Bank and the then owners of the property being valid and binding, the complainant should pay and the respondent Bank is entitled to interest on said mortgage at the rate of six per cent per annum if she desires an assignment thereof.

All the appeals are denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*George Hurley, Walter V. Moriarty, Walter V. Connly,* for complainant.

*Henshaw, Lindemuth & Baker,* for respondent Bank.

*Christopher J. Brennan,* for respondent Tierney and Flanagan.

*Edwards & Angell, Tillinghast & Collins, Harold B. Tanner, Russell P. Jones, Gardner, Moss & Haslam, Thomas F. Black, Jr., Harry A. Tuell,* amici curiae.