BROOKLYN TRUST COMPANY, as Depositary under a Certain Agreement Dated June 14, 1929, with PRUDENCE BONDS CORPORATION, Appellant, v. FAIRFIELD GARDENS, INC., and Others, Defendants, Impleaded with AMERICAN STOVE COMPANY and Others, Appellants, and. RIVERDALE HOME BUILDERS, INC., and Another, Respondents.

FINCH, P. J. (dissenting). As this opinion is not that of the majority of the court, a brief indication of the reasons therefor, stated in general terms, will suffice. I am unable to find in the so-called subordination agreement an intention of the parties to give to the lenders of the money a subordination of the existing mortgage only upon condition that garages should be erected. Upon the contrary, such a contention is belied by the situation of the parties. Plaintiff's assignor's only connection with the matter was as a lender of the money upon a bond and mortgage. The owner of the ground and the holder of the consolidated mortgages who purported to subordinate them to the mortgage of the assignor of the plaintiff, certainly had as great an interest, if not greater, to see that the garages were erected than had the assignor of the plaintiff. This for the reason that the owner of the

ground and the holder of the subordinated mortgages had to see that there was created in the investment sufficient value not only to take care of the first mortgage but also to take care of the second mortgage and leave something for the owner. Under the judgment here appealed from the entire burden of seeing to the application of the money lent has been cast upon the lenders of the money. The holder of the subordinated mortgage has not only been absolved from its duty to see to the application of the moneys but actually has been allowed to profit by the disregard of its duty in this respect as against the lenders of the money. The words of the Supreme Judicial Court of Massachusetts in *Tripp* v. *Babcock* (195 Mass. 1, 7) state the matter so succinctly that they are repeated here: " The plaintiff's claim could not be supported without affirming that a first mortgagee who learns that part of the purchase money is secured by a second mortgage must at his peril see that all future advances are applied to increasing the value of the property. None of the authorities cited by the plaintiff go to this length; and we are not willing to take such a position." (See, also, *York Mortgage Corporation* v. *Clotar Construction Corporation*, 254 N. Y. 128, 136.) The priority of the mortgage of the appellants could be defeated only by showing clear and convincing proof of fraud, which is not in this record and which this record belies. There is also sufficient ground to find that the holder of the subordinated mortgage is estopped in equity as against this plaintiff, appellant, the assignee of the mortgage, from impeaching the priority of the mortgage of this plaintiff, appellant. At the time the Prudence Company, the assignor of the plaintiff, appellant, was about to make the final advance the holder of the subordinated mortgage, with knowledge that this final advance was to be made, executed a second subordinating instrument declaring " that said mortgage as so consolidated, held by the undersigned, shall be subject and subordinate to the first mortgage of Seven hundred thousand Dollars ($700,000) and interest, held by The Prudence Company, Inc., described in said modification agreement." This second subordination instrument was duly recorded and did not speak of advances to be made in the future but contained an express declaration that it was subject to the first mortgage of $700,000. I, therefore, vote to reverse the judgment appealed from on the merits as to the defendant Riverdale Home Builders, Inc., and hold the mortgage of the plaintiff, appellant, superior to the consolidated mortgage held by Riverdale Home Builders, Inc.